JOHN U. HILL, Executor, *vs.* HARRIET H. BEAN, and others.

Hancock.    Opinion January 12, 1894.

*Will.    Money Legacies.    Residue.    Power of Sale.*

General money legacies may become a charge upon real estate when there is not sufficient personal property for that purpose after the payment of the testator's debts.

A testator after giving sundry money legacies, not a charge upon any specific part of his estate, gave his executor power to manage, sell and convey his real estate and to distribute the proceeds and income thereof as he might thereafter in his will provide. He then gave all the residue of his estate

both real and personal and income of the real estate before mentioned to certain residuary legatees. The personal estate after payment of debts, &c., was insufficient to pay all the money legacies.

*Held;* that all the real estate should be converted into money by the executor, that the debts and legacies should be paid, and the residue remaining should go to the residuary legatees.

ON REPORT.

Bill in equity, heard on bill and answers, to obtain a construction of the will of Josiah Bean, late of Sullivan, Hancock County, deceased.

The case appears in the opinion.

*Geo. P. Dutton,* for plaintiff.

*Wiswell and King,* for Harriet H. and Eben J. Bean.

*Henry Boynton,* for the other defendants.

SITTING : PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WHITEHOUSE, JJ.

LIBBEY, J. This is a bill in equity brought by the executor asking for a construction of the will of Josiah Bean, late of Sullivan, Maine. The will first gives twelve general bequests to be paid in money, amounting in all to six thousand, eight hundred and fifty dollars, with no direction charging them upon any portion of his estate. The plaintiff alleges that on payment of the testator's debts and expenses of administration there will not be sufficient of the personal estate to pay the legacies aforesaid by about $1275. That the value of the real estate left by his testator is about $2550.

The complainant alleges that the clauses of the will about the construction of which a doubt arises, and which the court is asked to construe, are twelve and thirteen which read as follows :

"Twelfth. I hereby direct and empower my executor herein named to take charge of and manage to the best possible advantage any real estate which I may leave at my death, and I also authorize and empower my said executor to sell and convey, for such price as he deems proper, in fee simple any and all real estate which I may so leave at my death and to distribute the proceeds and income thereof as hereinafter provided.

"Thirteenth.   I give, devise and bequeath all the residue of my estate both real and personal and all the proceeds and income of the real estate mentioned in the preceding (twelfth) section of this will to the following named persons and in the following shares, to wit : To said Harriet H. Bean, to my nephew, Eben J. Bean of California and to said Eben B. Ford one sixth each ; to said Mary A. Glidden, Henry E. Urann, Frank F. Hill, Lottie Hill and Clarissa Hill aforesaid one twelfth each ; and to said John U. Hill and Oliver H. Perry together one twelfth in trust for said Geo. E. Urann to be paid to said Geo. E. Urann by said Hill and Perry in such sums or portions and at such times as they shall deem advisable."

The question propounded to be answered by the court is as follows :

"That this Honorable Court will construe said will and particularly as to the following matter in doubt, viz : As to the right, power or duty of the said complainant as executor as aforesaid to use any portion of the proceeds from the sale of real estate for the purpose of paying any balance that there may be due upon said legacies and bequests after exhausting the personal property for that purpose."

In the absence of any specific direction to the contrary, the whole estate is charged with the payment of the debts of the testator and the general money legacies, recourse to be had for that purpose first to the personal estate, and if that is not sufficient then, to the real estate.   But the testator, by clause twelve, gives his executor full power to convey for such price as he deems proper all his real estate, and to distribute the proceeds and income thereof as thereinafter provided.   The only provision in the will after that disposing of any portion of his estate is in the next clause, thirteen, by which he devises all the residue of his estate, including the proceeds of his real estate, to the persons therein named.   The *residue* of an estate is what is left after payment of debts and legacies.   We must, therefore, conclude that it was the intention of the testator, taking into consideration all the provisions of his will, that all his real estate should be converted into money by his executor and his

debts and legacies should be paid, and the residue remaining should go to the residuary legatees named.

We answer the question propounded in the affirmative.

The costs of this suit, including counsel fees, not exceeding in all seventy-five dollars, to be paid out of the estate.

*Bill sustained.*